United States District Court
Southern District of Texas
FILED

SEP 1 1 2001

Michael N. Milby
Clerk of Court

THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CAMERON COUNTY, TEXAS, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. B-01-146 |
| | ) | |
| FIRST NATIONAL BANK OF EDINBURG, | ) | |
| Defendant. | ) | |

## PLAINTIFF'S MOTION TO REMAND AND SUPPORTING MEMORANDUM

Plaintiff files this motion to remand under 28 U.S.C. Sec. 1447(c).

### I. Introduction

1  Plaintiff is Cameron County, Texas  Defendant is First National Bank of Edinburg

2  On August 8, 2001, Plaintiff sued Defendant for breach of contract under state law in The District Court, Cameron County, Texas, 404th Judicial District, Brownsville, Texas.

3  Defendant was served the suit on August 9, 2001.

4  Defendant filed notice of removal on August 30, 2001

### II  Statement of Issue

5.  The Defendant removed this case on grounds of federal question jurisdiction  This case does not arise under federal law  The Court should remand this case because the federal court lacks subject-matter jurisdiction

### III Argument

6  The Court should remand this case to state court because the lawsuit does not involve a

1

federal question.  28 U.S.C. Sec. 1447(c); *International Primate Protection League v. Administrators of Tulane Educ. Fund,* 500 U.S. 72, 89, 111 S.Ct. 1700, 1114 L.Ed.2d 134 (1991).  Defendant's allegations that this case arises under 12 U.S.C. Sec. 632 and can be removed under 28 U.S.C. Sec. 1441(b) are incorrect.

7. To the extent that Defendant bases its removal on diversity under 28 U.S.C. Sec. 1332, the matter in controversy does not exceed $75,000, exclusive of interest and costs.  Although, Plaintiff did not plead an amount, Defendant knows the average balance of Plaintiff's accounts with it, and knows its maximum interest rates for such accounts.  This is a suit for interest on accounts under state law – Defendant knows that the maximum interest in controversy on these accounts for the relevant period is substantially less than $75,000.

8. This is a suit for breach of contract under state law.  "A deposit contract between a bank and an account holder is considered a contract in writing for all purposes and may be evidenced by one or more agreements, deposit tickets, **signature cards**, or notices as provided by Section 34.302, or by other documentation as provided by law."  (Emphasis added ) V.T.C.A., Finance Code, Section 34.301(a).

9  County had its funds on deposit with Defendant Bank.  Bank refused to pay interest on the accounts for July.  County contents in this law suit that interest is due under the "signature card" contracts.  Nothing pled by County invokes federal jurisdiction.  See, *Matter of Meyerland Co.,* 910 F 2d 512, n5 (5th Cir 1992)(Fifth Circuit upheld removal of purely state causes of action by FDIC under 12 U.S.C. Sec. 1819, but stated the FDIC could not remove the instant case under Sec. 1441 because the dispute hinges on state law and, thus, there is no federal question jurisdiction), and, see *Guinasso v. Pacific First Federal Savings and Loan Association,* 656 F.2d

1364 (9th Cir. 1981), cert. denied 102 S.Ct. 1716, 455 U.S. 1020, 72 L.Ed.2d 138 (State law claim for breach of contract and unjust enrichment to recover interest on funds held in escrow – remand ordered.)

10. Defendant claims this Court has original jurisdiction under 12 U.S.C. Sec. 632. Defendant states: "Because this cause of action involves transactions which involve international or foreign financial operations, removal is proper. . . ." (Last sentence Paragraph 4, Notice of Removal.) How? Cameron County, Texas, is not a foreign entity. Depositing Cameron County's funds in Defendant Bank is not an international transaction. See, *Venezoalana de Formento v. Vintero Sales Corp.*, 629 F.2d 786, 792 (2nd Cir. 1980), cert. denied 101 S.Ct 863, 449 U.S. 1080, 66 L.Ed.2d 804 (Specifically, discusses the necessity for "international" or "foreign banking" to invoke Section 632.)

11. Plaintiff is entitled to just costs and any actual expenses, including attorney fees incurred as a result of this wrongful removal.

## IV. Conclusion

WHEREFORE, Plaintiff prays this case be remanded to the 404th Judicial District Court, Cameron County, Texas, from which it was removed, and for costs including attorney fees

Respectfully submitted,

CIVIL LEGAL DEPARTMENT
COMMISSIONERS COURT
964 East Harrison Street
Brownsville, Texas 78520
Telephone (956) 550-1345
Facsimile (956) 550-1348

BY: _____

Richard O. Burst
Attorney In Charge
Texas State Bar #00785586
S.D. No. 15515

Dylbia L. Jefferies
Of Counsel
Texas State Bar #00786516
S.D. No 17065

## CERTIFICATE OF CONFERENCE

On September 10, 2001, I conferred with Norton Colvin, Jr., Attorney for Defendant, and advised him that he is filing a Motion to Remand for lack of subject matter jurisdiction. Attorney for Defendant stated he does not agree to remand.

_____
Richard O. Burst

## CERTIFICATE OF SERVICE

I, Richard O Burst do hereby certify that a true and correct copy of the foregoing Motion to Remand has been mailed to the following on this ____ day of September, 2001, by certified mail return receipt requested:

Norton A Colvin, Jr
P.O Box 2155
Brownsville, Texas 78522

_____
Richard O. Burst

4