

United States District Court
Southern District of Texas
FILED

SEP 2 8 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CAMERON COUNTY, TEXAS | * | |
| | * | |
| VS. | * | CIVIL ACTION NO. B-01-146 |
| | * | |
| FIRST NATIONAL BANK OF EDINBURG | * | |

## DEFENDANT'S RESPONSE IN OPPOSITION
## TO PLAINTIFF'S MOTION TO REMAND

COMES NOW FIRST NATIONAL BANK OF EDINBURG, Defendant herein, and files this its Response in Opposition to Plaintiff's Motion to Remand and Supporting Memorandum, and in support thereof would show the Court as follows:

1. On August 8, 2001 Plaintiff filed its Original Petition seeking recovery of interest on deposits made by Plaintiff's various agencies and entities to accounts held by Defendant. Plaintiff alleges causes of action for breach of contract, quantum meruit, and negligent misrepresentation, seeking recovery of damages and attorney's fees. On August 30, 2001 Defendant filed its Notice of Removal with this Court and the Clerk of the State Court, and Plaintiff subsequently filed a Motion to Remand, which is pending before this Court.

2. The basis for removal of this action is 12 U.S.C. §632, also referred to as the Edge Act, which provides in part as follows:

> Notwithstanding any other provision of law, *all suits of a civil nature at common law or in equity to which any corporation organized under the laws of the United States shall be a party, arising* out of transactions involving international or foreign banking, or banking in a dependency or insular possession of the United States, or *out of other international or foreign financial operations, . . . shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such suits;* and any defendant in any such suit may, at any time before the trial thereof, remove such suits from a State court into the district court of the United States for the proper district by following the procedure for the removal of causes otherwise provided by law.

Emphasis supplied.

3. Section 632 grants federal courts original jurisdiction in those cases in which a nationally chartered corporation is a party and when the subject matter arises out of either transactions involving "international or foreign banking" or "other international or foreign financial operations." The three primary limitations placed on Section 632's jurisdictional grant include: (1) one of the parties must be a corporation organized under the laws of the United States; (2) the transaction must involve traditional banking activities; and (3) the banking activities must be connected in some way to either international or foreign banking or international or foreign financial operations. Clearly, Defendant First National Bank of Edinburg, as a national bank, is a nationally chartered corporation. Further, the matter complained of by Plaintiff involves a traditional banking activity. Therefore, the only issue before the Court is whether the dispute arises out of "international or foreign financial operations."

4. Although generally federal courts narrowly construe removal jurisdiction, in cases involving removal pursuant to 12 U.S.C. §632, "the federal court should be cautious about remand, lest it erroneously deprive defendant of the right to a federal forum." *Contitrade Services Corporation v. Eddie Bauer, Inc.*, 794 F.Supp. 514, 516 (S.D.N.Y. 1992, no writ); *Stamm v. Barclays Bank of New York*, 1996 WL 614087 (S.D.N.Y. 1996).

5. Plaintiff is claiming that it is entitled to interest on all of its accounts maintained at First National Bank of Edinburg. At least ten of those accounts involve international funds from the various international toll bridges, which were then deposited into accounts in the United States. This matter clearly involves "international or foreign financial operations." In fact, the only case referred to by Plaintiff in its Motion to Remand pertaining to Section 632 jurisdiction, *Corporacion Venezolana de Fomento v. Vintero Sales Corporation*, 629 F.2d 786 (2nd Cir. 1980), cert. denied, 101 S.Ct6. 863, 449 U.S. 1080, 66 L.Ed.2d 804, upheld federal jurisdiction under Section 632, even though the underlying transaction occurred entirely within the United States.

6. Plaintiff further states in its Motion to Remand that this case should be remanded because it does not involve a federal question, the amount in controversy does not exceed $75,000.00, and the suit is for breach of contract under state law. However, there is no minimal amount in controversy required to invoke federal jurisdiction under 12 U.S.C. §632. Further, Defendant has made no allegation of diversity of citizenship in its removal documents, because the jurisdiction of this Court is not based on diversity but rather Section 632. Plaintiff refers to several cases in its motion, none of which are applicable to this case. Neither *Guinasso v. Pacific First Federal Savings and Loan Association*, 656 F.2d 1364 (9th Cir. 1981, cert. denied) nor *Meyerland Co. v. Federal Deposit Insurance Corp.*, 910 F.2d 1257 (5th Cir. 1990), on rehearing, 960 F.2d 512 (5th Cir. 1992), cert. denied 506 U.S. 1049, 113 S.Ct. 967, 122 L.Ed.2d 123) involve cases predicated upon 12 U.S.C. 632 as the basis of removal. These two cases were removed pursuant to 28 U.S.C. §1337 and 12 U.S.C. §1819(b)(2), respectively, and therefore, have no relevance to the case at bar.

7. Further, Plaintiff's allegation that this case should be remanded because it is premised on breach of contract under state law is without merit. Section 632 provides that federal courts have original jurisdiction "all suits of a civil nature"; this provision does not except contract cases. In *Federal Reserve Bank of Atlanta v. Thomas*, 220 F.3d 1235, 1240 (11th Cir. 2000, no writ), the Court stated that "the history of section 632 strongly supports the view that the phrase 'all suits of a civil nature at common law or in equity' truly means all civil actions regardless of whether such actions are based on a state statute." Also, in *Conjugal Society Composed of Juvenal Rosa v. Chicago Title Insurance Company*, 690 F.2d 1, 5 (1st Cir. 1982, no writ), it was claimed that there was no jurisdiction under Section 632 because the plaintiffs' cause of action was for negligence and conspiracy. The appellate court disagreed, holding that the facts were sufficient to establish Section 632 jurisdiction regardless of plaintiffs' alleged causes of action.

8. The case at bar meets each of the criteria required for original federal jurisdiction pursuant to 12 U.S.C. §632. For those reasons, Plaintiff's Motion to Remand should be denied.

WHEREFORE, Defendant prays that Plaintiff's Motion to Remand be denied, and for such other and further relief to which Defendant may show itself justly entitled to receive.

Respectfully submitted,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

By: _____
Norton A. Colvin, Jr. *w/ permission*
Attorney-in-Charge                *MCPitlu*
State Bar No. 04632100
Federal Admissions No. 1941
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
Fax (956) 541-2170

ATTORNEYS FOR DEFENDANT,
FIRST NATIONAL BANK OF EDINBURG

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendant First National Bank of Edinburg's Response in Opposition to Plaintiff's Motion to Remand was served upon all counsel of record, to-wit:

> Richard O. Burst
> Dylbia L. Jefferies
> Civil Legal Department Commissioners Court
> 964 East Harrison
> Brownsville, Texas 78520
> Attorneys for Plaintiff

by certified mail, return receipt requested, hand delivery, and/or facsimile transmission pursuant to the Federal Rules of Civil Procedure, on this the 28th day of September, 2001.

_____
Norton A. Colvin, Jr.