THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 0 2 2001

Michael N. Milby
Clerk of Court

| | |
|---|---|
| CAMERON COUNTY, TEXAS, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>FIRST NATIONAL BANK OF )<br>EDINBURG, )<br>    Defendant. ) | Civil Action No. B-01-146 |

**PLAINTIFF'S REPLY
TO
DEFENDANT'S RESPONSE TO REMAND**

For reply Plaintiff states:

1. To give this Court original jurisdiction Defendant relies on the language in 12 U.S.C. Sec. 632. Defendant quotes and emphasizes the following from Sec. 632:

   "... *[A]ll suits of a civil nature at common law or in equity to which any corporation organized under the laws of the United States shall be a party, arising ... out of other international or foreign financial operations, ... shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such suits*".

2. Defendant than reasons that because at least ten of the County's deposit accounts involve international funds from the various international toll bridges, which were then deposited into accounts in the United States, that "... [t]his matter clearly involves 'international or foreign financial operations.'" (See, Response to Remand, Paragraph 5.)

3. However, Defendant, omitted from its Sec. 632 quote (as emphasized by Defendant in its Response, Paragraph 2) some necessary limiting statutory language. With the omitted language inserted in Defendant's quote, the portion of Sec. 632 that Defendant relies on and emphasizes to

1

establish original jurisdiction reads:

> "[A]ll suits of a civil nature at common law or in equity to which any corporation organized under the laws of the United States shall be a party arising . . . out of other international or foreign financial operations, *either directly or through the agency, ownership, or control of branches or local institutions in dependencies or insular possessions of the United States, or in foreign countries,* shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such suits". (Language omitted by Defendant emphasized.)

4. First, the limiting language omitted by Defendant, limits the clause ". . . out of other international or foreign operations . . ." to " international or foreign financial operations" conducted ". . . either directly or through agency, ownership, or control of branches or local institutions . . .", of the bank, but more importantly that are located in ". . . dependencies or insular possessions of the United States or in foreign countries." See, e.g. *Rosa v. Chicago Title Ins. Co.*, 690 F.2d 1, 3 (C.A. Puerto Rico, 1982)(District court ruling that Puerto Rico is not "a dependency or insular possession of the United States" reversed.)

5. Second, in the case at bar County (plaintiff) deposited money in the bank (defendant). This suit does not arise out of "international or foreign financial operations of branches or local institutions" of the bank "in dependencies or insular possessions of the United States, or in foreign countries." In fact the entire toll collecting operation of the County occurs in the United States, and the toll collecting has nothing to do with banking operations. The depositing of these County toll bridge funds in Defendant bank does not convert these deposits into "international or foreign financial operations." within the meaning of Section 632. And, the only involvement the bank has is accepting our deposits. (See, Affidavit of Mark Yates, County Auditor, attached.)

6. Lastly, Defendant is correct that in the *Corporacion Venezolana de Fomento* case (cited in both Plaintiff's Motion to Remand and Defendant's Reply), the transaction occurred in the United

2

States, but the facts relied on by the Court to find federal jurisdiction under Section 632 were: "SPIB [defendant] is a federally chartered bank, and **the transaction in which Vintero, in New York, drew on a letter of credit on the account of a Venezuelan corporation, Cariven, was one involving 'international or foreign banking.'**" *Venezoalana de Formento v. Vintero Sales Corp.*, 629 F.2d 786, 792 (2nd Cir. 1980), cert. denied 101 S.Ct. 863, 449 U.S. 1080, 66 L.Ed.2d 804. (Emphasis added.) The Court, therein, relied on the first Section 632 alternative "arising out of transactions involving international or foreign banking." In the instant case there is no foreign or international banking transactions.

WHEREFORE, Plaintiff prays this case be remanded to the 404th Judicial District Court, Cameron County, Texas, from which it was removed, and for costs including attorney fees.

Respectfully submitted,

CIVIL LEGAL DEPARTMENT
COMMISSIONERS COURT
964 East Harrison Street
Brownsville, Texas 78520
Telephone: (956) 550-1345
Facsimile: (956) 550-1348

BY: _____
Richard O. Burst
Attorney In Charge
Texas State Bar #00785586
S.D. No. 15515

Dylbia L. Jefferies
Of Counsel
Texas State Bar #00786516
S.D. No. 17065

CERTIFICATE OF SERVICE

3

I, Richard O. Burst do hereby certify that a true and correct copy of the foregoing Reply has been mailed to the following on this ___ day of _____, 2001, by certified mail return receipt requested:

Norton A. Colvin, Jr.
P.O. Box 2155
Brownsville, Texas 78522

                                          Richard O. Burst

THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CAMERON COUNTY, TEXAS, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. B-01-146 |
| | ) | |
| FIRST NATIONAL BANK OF | ) | |
| EDINBURG, | ) | |
|     Defendant. | ) | |

## AFFIDAVIT OF MARK YATES

STATE OF TEXAS

COUNTY OF CAMERON

    Before me, the undersigned notary public, on this day personally appeared Mark Yates, who is known to me, and first being duly sworn on his oath said:

1.     My name is Mark Yates. I am over twenty one years old, am of sound mind and competent in all respects to make this affidavit. I have never been convicted of a felony or any crime involving moral turpitude. I have personal knowledge of the facts stated in; this affidavit and they are true and correct.

2.     I am the Cameron County Auditor.

3.     Cameron County, pursuant to state law, collects tolls at three international bridges. The toll facilities and all County property associated with the collection of tolls are situated within the continental United States. The financial transaction occurs when a person pays a toll to cross the international bridge. At the time and place a person pays a toll to Cameron County, they are in Cameron County, State of Texas, and the United States of America.

4.     The funds collected at the toll booths are County funds, and, at the time these funds are deposited in a bank, such funds are the sole property of Cameron County, Texas.

5.     These funds, during the time Cameron County had signature card agreements with the Defendant, First National Bank of Edinburg, were deposited in accounts opened by Cameron Count at the First National Bank of Edinburg.

    Further affiant saith not.

                                                                                      _____
                                                                                       Mark Yates

BEFORE ME, the undersigned notary public, on this day personally appeared, Mark Yates, who, being first by me duly sworn, upon his oath deposed and said that he is the affiant that he has read the foregoing document and that the statements contained therein are within his personal knowledge and are true and correct, and I personally know or have verified the identity of the affiant by a current identification card or other document used by a state or federal government containing a photograph and the signature of the affiant.

SUBSCRIBED AND SWORN TO before me on this 2nd day of October, 2001, by the affiant.

_Dora Corona_
Notary Public
in and for the State of Texas

Commission expires: 8-3-04

[seal]



DORA CORONA
Notary Public
STATE OF TEXAS
My Comm. Exp. 08-03-2004