United States District Court
Southern District of Texas
FILED

DEC 2 8 2001

Michael N. Milby
Clerk of Court

THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CAMERON COUNTY, TEXAS, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. B-01-146 |
| | ) | |
| FIRST NATIONAL BANK OF EDINBURG, | ) | |
|     Defendant. | ) | |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN

1. State where and when the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party.

   The meeting of the parties required by Rule 26(f) was held by telephone on December 28, 2001, and was attended by Richard O. Burst for Plaintiff, and Marjory C. Batsell of Rodriguez, Colvin & Chaney, L.L.P., Attorneys for Defendant First National Bank of Edinburg.

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

   The parties are not aware of any pending cases related to this case.

3. Specify the allegation of federal jurisdiction.

   Defendant contends that this Court has jurisdiction of this case by virtue of the provisions of 12 U.S.C. Section 632 which provides that the district courts of the United States have original jurisdiction over transactions which involve international or foreign banking or other international or foreign financial operations.

   Plaintiff's position is that this is a breach of contract case under state law and there is no federal jurisdiction and has filed a Motion to Remand for lack of subject matter jurisdiction.

4. Name the parties who disagree and the reasons.

   Plaintiff disagrees. This is not a "transaction involving international or foreign banking" under Section 632. (See, Plaintiff's Motion to Remand and Plaintiff's Reply to Defendant's Response.)

1

5.  List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

    The parties are not aware of any anticipated additional parties at this time.

6.  List anticipated interventions.

    The parties are not aware of any anticipated interventions at this time.

7.  Describe class-action issues.

    There are no class-action issues.

8.  State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

    The parties have agreed to make initial disclosures within thirty days of the Initial Pretrial Conference.

9.  Describe the proposed agreed discovery plan, including:

    A. Responses to all the matters raised in Rule 26(f).

    No such issues were raised in Rule 26(f).

    B. When and to whom the Plaintiff anticipates it may send interrogatories.

    Plaintiff anticipates sending interrogatories, requests for production, and request for admission to Defendant by February 14, 2002.

    C. When and to whom the Defendant anticipates it may send interrogatories.

    Defendant anticipates it will send interrogatories to Plaintiff within thirty days of the Initial Pretrial Conference.

    D. Of whom and by when the Plaintiff anticipates taking oral depositions.

    Saul Ortega, Chief Financial Officer of Defendant, and other bank personnel as indicated in disclosures or responses to written discovery by August 14, 2002. Defendant's experts will be deposed.

    E. Of whom and by when the Defendant anticipates taking oral depositions.

2

    At this time, Defendant anticipates deposing Plaintiff's corporate representative, any employees of Plaintiff involved in the transactions at issue, any expert witnesses designated by Plaintiff, and any individuals identified by Plaintiff as having knowledge of relevant facts. Defendant anticipates that the depositions will be completed by August 14, 2002.

   F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designate responsive experts and provide their reports.

    Plaintiff anticipates designating its experts and providing reports 60 days before the end of the discovery period. Defendant anticipates designating its experts and providing reports 30 days after Plaintiff designates its experts.

   G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See, Rule 26(a)(2)(B) (expert report).

    Plaintiff anticipates deposing those experts listed by Defendant within thirty days of their designation and receipt of expert reports.

   H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See, Rule 26(a)(2)(B) (expert report).

    Defendant anticipates deposing those experts designated by Plaintiff within 30 days of their designation and receipt of expert reports.

10.  If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

   The parties are in agreement..

11.  Specify the discovery beyond initial disclosures that has been undertaken to date.

   No discovery beyond initial disclosures has been undertaken to date.

12.  State the date the planned discovery can reasonably be completed

   We anticipate that planned discovery can reasonably be completed within nine months of the Initial Pretrial Conference.

13.  Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

3

The parties have discussed mediation after adequate discovery has been conducted..

14. Describe what each party has done or agreed to do to bring about a prompt resolution.

The parties have discussed mediation after preliminary discovery.

15. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.

Mediation may be considered at a later date.

16. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

At the present time, the parties have not agree to consent to proceed before the Magistrate.

17. State whether a jury demand has been made and if it was made on time.

A jury demand was timely made.

18. Specify the number of hours it will take to present the evidence in this case.

The parties estimate that it will take forty hours. However, the parties may adjust this estimate after completion of discovery.

19. List pending motions that could be ruled on at the initial pretrial and scheduling conference..

Plaintiff's Motion to Remand.

20. List other motions pending.

There are no other pending motions.

21. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

None.

22. List the names, bar numbers, addresses and telephone numbers of all counsel.

For Plaintiff:

Richard O. Burst
Attorney In Charge
Texas State Bar No. 00785586
S.D. No. 15515

Dylbia L. Jefferies
Of Counsel
Texas State Bar No. 00786516
S.D. No. 17065

CIVIL LEGAL DEPARTMENT
COMMISSIONERS COURT
964 East Harrison Street
Brownsville, Texas 78520
Telephone: (956) 550-1345
Facsimile: (956) 550-1348

For Defendant:

Norton A. Colvin, Jr.
Attorney in Charge
State Bar No. 046322100
S.D.No. 1941

Marjory C. Batsell
Texas Bar No. 04632100
S.D. No. 3983

Rodriguez, Colvin & Chaney, L.L.P.
1201 East Van Buren
P.O. Box 2155
Brownsville, Texas 78522
Telephone: (956) 542 7441
Facsimile: (956) 5412170

Respectfully submitted,

CIVIL LEGAL DEPARTMENT
COMMISSIONERS COURT
964 East Harrison Street

Brownsville, Texas 78520
Telephone: (956) 550-1345
Facsimile: (956) 550-1348

BY: _____
Richard O. Burst
Attorney In Charge
Texas State Bar #00785586
S.D. No. 15515

Dylbia L. Jefferies
Of Counsel
Texas State Bar #00786516
S.D. No. 17065

ATTORNEYS FOR PLAINTIFF

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

By: _____
Norton A. Colvin, Jr. w/ permission
Attorney-in-Charge                          MCBatsell
State Bar No. 04632100
Federal Admissions No. 1941
Marjory C. Batsell
State Bar No. 04631400
Federal Admissions No. 3983
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
Fax (956) 541-2170

ATTORNEYS FOR DEFENDANT
FIRST NATIONAL BANK OF EDINBURG

6