IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| CAMERON COUNTY, TEXAS,<br>      Plaintiff,<br><br>v.<br><br>FIRST NATIONAL BANK OF<br>EDINBURG,<br>      Defendant. | §<br>§<br>§<br>§  Civil Action No. B-01-146<br>§<br>§<br>§<br>§ |

United States District Court
Southern District of Texas
ENTERED

JAN 1 0 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

## ORDER

BE IT REMEMBERED that on January 9, 2002, the Court **GRANTED** Plaintiff's Motion to Remand [Dkt. No. 3] and duly **REMANDED** the case to the 404th Judicial District Court, Cameron County, Texas.

This action arises out of an action for breach of contract, quantum meruit, and negligent misrepresentation. Defendant filed a Notice of Removal with this Court [Dkt. No. 1] and Plaintiff then filed its Motion to Remand [Dkt. No. 3].

The federal statute on which the subject matter jurisdiction of this Court is predicated, 12 U.S.C. § 632, provides:

> Notwithstanding any other provision of law, all suits of a civil nature at common law or in equity to which any corporation organized under the laws of the United States shall be a party, arising out of transactions involving international or foreign banking, or banking in a dependency or insular possession of the United States, or out of *other international or foreign financial operations*, either directly or indirectly through the agency, ownership, or control of branches or local institutions in dependencies or insular possessions of the United States, or in foreign countries, shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such suits; and any defendant in any such suit may, at any time before the trial thereof, remove such suits from a State court into the district court of the United States . . .
>
> Id. (emphasis added).

The question is whether "other international or foreign financial operations" took place within the meaning of the statute, thereby conferring subject matter jurisdiction. Defendant argues that because the funds to which Plaintiff claims entitlement "involve international funds from the various international toll bridges," this matter involves "international or foreign financial operations" and thus the Court has jurisdiction over the claim [Dkt. No. 6 at 2]. Plaintiff argues that this suit does not arise out of "other international or foreign financial operations" because "the entire toll collecting operation of the County occurs in the United States. . . and [t]he depositing of these funds in Defendant bank does not convert these deposits into "international or foreign financial operations" within the meaning of § 632 [Dkt. No. 7 at 2]. Plaintiff has attached the affidavit of Cameron County auditor Mark Yates, which states that "at the time and place a person pays a toll to Cameron County, they are in Cameron County, State of Texas, and the United States of America" and that "the funds [from the toll bridges] . . . were deposited in accounts opened by Cameron Count[y] at the First National Bank of Edinburg." [Dkt. No. 7. Ex. 1].

Examples of "other international or foreign financial operations" which give rise to federal jurisdiction under § 632 include a defendant's payment for . . . purchases in foreign countries and their conversion to U.S. dollars of the amounts they advanced to pay for those purchases . . ." (see Clarken v. Citicorp Diners Club, 2002 WL 1263366 (N.D.Ill. Oct. 22, 2001) (slip. op.); and trust funds distributed by a London-based corporation to policyholders and other citizens all over the world (see In re Lloyd's American Trust Fund Litig., 928 F. Supp. 333, 341 (S.D.N.Y. 1996)).

The Court agrees with Plaintiff that subject matter jurisdiction over this case is lacking. The fact that the people paying the tolls have recently come from a foreign country, as well the fact that the toll booth, located in Cameron County, is at the foot of an international bridge, is not enough to confer jurisdiction under § 632 by converting an otherwise ordinary domestic toll payment into an international transaction.

2

To the extent that diversity jurisdiction might be invoked, Plaintiff has conceded that the amount in controversy does not exceed $75,000, leaving the requirements of 28 U.S.C. § 1332 unmet. The case is therefore **REMANDED** to the 404th Judicial District Court, Cameron County, Texas.

DONE this 9th day of January, 2002, at Brownsville, Texas.

                                                                Hilda G. Tagle
                                                                United States District Judge

3